## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 15, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EQT CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 13-0808** (BOR Appeal No. 2048254)
(Claim No. 2011025210)

**EUGENE SMITH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner EQT Corporation, by Bradley A. Crouser, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eugene Smith, by Reginald D. Henry and Rodney A. Skeens, his attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 26, 2013, in which the Board affirmed a March 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 19, 2011, decision granting Mr. Smith an 11% permanent partial disability award. The Office of Judges granted Mr. Smith a 17% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Smith worked as a technician for EQT Corporation. On January 13, 2011, Mr. Smith struck his head on a pipe injuring his shoulder, neck, and arm. Following the injury, an MRI was taken of Mr. Smith's cervical spine which revealed degenerative changes at the C6-7 and C7-T1 discs. Joe O. Othman, M.D., performed an electromyography (EMG) and nerve conduction studies on Mr. Smith which showed acute C5-6 radiculopathy. The claims administrator held the claim compensable for a sprain of the neck, an unspecified site of the shoulder, and an

1

unspecified site of the upper arm. Prasadarao B. Mukkamala, M.D., then performed an independent medical evaluation on Mr. Smith and found that he had 8% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006). Dr. Mukkamala also found that Mr. Smith had 3% whole person impairment for loss of range of motion in his left shoulder. Dr. Mukkamala combined these impairment ratings and determined that Mr. Smith had 11% whole person impairment related to his January 13, 2011, injury. On December 19, 2011, the claims administrator granted Mr. Smith an 11% permanent partial disability award based on Dr. Mukkamala's report. Robert B. Walker, M.D., also performed an independent medical evaluation of Mr. Smith and determined that he had 8% impairment for his cervical sprain and 4% impairment for cervical myelopathy which he combined for a 12% whole person impairment rating. Dr. Walker also found that Mr. Smith had 10% impairment for his left shoulder. Dr. Walker combined these ratings and determined that Mr. Smith had 22% whole person impairment related to the compensable injury. Bruce A. Guberman, M.D., also evaluated Mr. Smith. Dr. Guberman found that Mr. Smith had 10% impairment for his cervical spine under the American Medical Association's *Guides*. Dr. Guberman apportioned 2% of this rating to Mr. Smith's pre-existing degenerative changes. Dr. Guberman then adjusted this rating to 12% to fit within Cervical Category III of West Virginia Code § 85-20-E. Dr. Guberman also found that Mr. Smith had 8% impairment for his left shoulder, 6% of which he apportioned to the compensable injury. Dr. Guberman then combined these impairment ratings and determined that Mr. Smith had 17% whole person impairment related to the compensable injury. Michael R. Condaras, D.C., then evaluated Mr. Smith and determined that he had 8% whole person impairment for his cervical spine under the American Medical Association's *Guides* and Cervical Category II of West Virginia Code of State Rules § 85-20-E. Dr. Condaras also found that Mr. Smith had 5% impairment for his shoulder, 3% of which he apportioned to the compensable injury. Dr. Condaras combined these impairment ratings and determined that Mr. Smith had 11% whole person impairment related to the compensable injury. On March 29, 2013, the Office of Judges reversed the claims administrator's decision and granted Mr. Smith a 17% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on July 26, 2013, leading EQT Corporation to appeal.

The Office of Judges concluded that Mr. Smith was entitled to a 17% permanent partial disability award based on Dr. Guberman's evaluation. The Office of Judges found that Dr. Guberman's impairment recommendation was persuasive and was supported by the EMG and nerve conduction studies in the record. The Office of Judges considered the evaluations of Dr. Mukkamala, Dr. Walker, and Dr. Condaras, but it did not rely on their opinions because it determined that Dr. Guberman's evaluation was more persuasive. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decision of the Board of Review was based on a material mischaracterization of the reliability of Dr. Guberman's evaluation. Dr. Guberman did not properly apply the West Virginia Code of State Rules in evaluating Mr. Smith's impairment, and Mr. Smith has not presented any other reliable evidence that he is entitled to greater than an 11% permanent partial disability award. In his evaluation, Dr. Guberman apportioned for Mr. Smith's pre-existing degenerative

2

conditions prior to adjusting his cervical impairment rating to fit within West Virginia Code of State Rules § 85-20-E. Dr. Guberman's apportionment method is inconsistent with the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-64 (2006). Dr. Guberman also did not properly adjust his cervical impairment finding to fit within West Virginia Code of State Rules § 85-20-E. Cervical Category III, into which Dr. Guberman found Mr. Smith should be placed, provides for a 15%-18% impairment range. Dr. Guberman's 12% impairment rating did not fit within this range and he did not make the appropriate adjustments. Dr. Guberman's improper application of West Virginia Code of State Rules §§ 85-20-64 and 85-20-E significantly undermines the value of his evaluation. The Office of Judges should not have relied upon it in determining Mr. Smith's impairment. Dr. Walker also did not provide a reliable impairment assessment. The impairment rating that Dr. Walker provided was partially based on his inclusion of an impairment percentage for cervical myelopathy. Cervical myelopathy is not a compensable condition of the claim, and this additional impairment rating significantly detracts from the credibility of Dr. Walker's opinion. Dr. Mukkamala and Dr. Condaras provided the only reliable assessment of Mr. Smith's impairment related to the compensable neck and shoulder injury. Dr. Mukkamala and Dr. Condaras both complied with the directions of the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-E. Their impairment recommendations are supported by the evidence in the record, and the Office of Judges should have based its determination of Mr. Smith's permanent partial disability award on their opinions.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the claims administrator's December 19, 2011, decision granting Mr. Smith an 11% permanent partial disability award.

Reversed and Remanded.

**ISSUED:   October 15, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II